Mr. Riley can tell me if I'm pronouncing the case name right, let me get part of it. Good morning, may it please the court, after examining and rejecting the reasons the board provided for denying Ms. Ebel's dependency and indemnity compensation claim, the Veterans Court erred because it denied Ms. Ebel her right to an immediate resolution of her claim without a remand under this court's decision in Adams v. Frisby. What is the clear and final legal issue that the CABC decided that you're arguing satisfies Williams? Ms. Ebel's right to a decision without further proceedings on her claim on the record as it now stands, under this court's decision in Adams v. Frisby. So the clear and final legal issue is that she got a remand rather than a reversal? That's correct. Isn't that going to be true of every case we get before us where the argument is made? Every case where the CABC has ordered a remand and it comes up here and we say under Williams it's only the exception rather than the rule that the five non-final decision is appealable, everybody's going to say that. That resolves that issue for us in perpetuity and sort of eviscerates, makes the exception to Williams the rule, am I? So if you disagree with me, that explains to me why I'm wrong. I do disagree. In Adams and in Williams, this court carved out an exception to reviewing non-final orders from the Veterans Court. And this case is one of those exceptions for the same reasons this court found jurisdiction in Adams. Here, the Veterans Court's decision denies Ms. Ebel her right to a resolution of her claim on the record as it stands without further proceedings. In this case, there was only one element of her claim in dispute. Didn't the Veterans Court find that there was insufficient evidence in order to make a final decision and that's why they remanded? That is the reason they gave, Your Honor, yes. Why shouldn't we support that then? Your Honor, the Veterans Court was able to understand the reasons the board provided for denying Ms. Ebel's claim. It simply disagreed with those reasons. For example, the Board weighed a 2008 opinion on direct causation in Ms. Ebel's favor against the Secretary's conclusion that the National Academy of Science reports led to the conclusion that melanoma is not presumptively due to exposure to Agent Orange. The Board found the Secretary's conclusion more probative in denying the claim. The Veterans Court found that this comparison was an error, leaving only the 2008 opinion in Ms. Ebel's favor left in the record on the issue of causation. That's just as to the medical examiner's report, which the Veterans Court found to be an equiposed situation. But didn't it also remand in further consideration of that determination with respect to the examiner's report to also review other evidence that the Veterans Court said was not sufficiently reviewed by the Board? Your Honor, there's a couple things I'd like to address there. First of all, the Veterans Court found that the comparison that the Board did was an error, and so there's no real equipoise to evaluate anymore. There's only one piece of evidence in the record on direct causation, and that's the opinion that's in Ms. Ebel's favor. And the other reason is that the Board did evaluate that opinion in the first instance. At page 25 of the appendix in the Board's decision, it reviewed that opinion and found that opinion competent of causation and stated that it must be considered. And it did consider that opinion and the other evidence of record. It just found the Secretary's conclusion more probative, which the Veterans Court found on review was an error. Isn't it fair for us to view the CAVC as allowed to, permitted to sort of apply institutional concerns to what it's doing? I mean, it's not unusual here. Even if we read the record as you, like, yeah, we're an appellate court. They were acting as a reviewing court. They probably could have done it if they wanted to and reached a conclusion. But aren't there fair institutional reasons that we ought to be able to defer to in terms of why the CAVC would think it's better in the first instance since the Board has never really appropriately weighed all of the evidence here to allow them to do it in the first instance? And why shouldn't we be able to defer to that kind of institutional concern if that's what was in play? Well, Your Honor, the Board did consider, in the first instance, the evidence of record on causation. There were two pieces that it evaluated. The 2008 opinion on direct causation. I'm sorry, I missed it. Were you on the Board or the court? The Board evaluated the 2008 opinion and the Secretary's conclusion and found against Ms. Eagle. The Veterans Court reviewed the Board's reasons and the record and found that that comparison between those two pieces of evidence was inerrant. So why do you think the CAVC decided to waste, in your view, so it's a waste of time. They could have decided on this record. They could have and should have decided the case in your client's favor, right? That's absolutely your position, Your Honor. Why do you think they wouldn't do that if they thought they could? Your Honor, I think that, honestly, Your Honor, their reasoning here is a little bit mysterious because they should have reversed it after concluding that the only two pieces of evidence could not be directly compared to each other. So the reason that the Board remanded here is possibly to allow for the Secretary to make up for a shortfall in his evidence, and that's an improper purpose for a remand order. So you're discussing now essentially a factual finding, and I'm going to go back to Judge Crow's initial question because I think your case will rise or fall on that. What's the clear and final issue that's in dispute with respect to the Veterans Court's decision? Your Honor, the clear and final issue here is Ms. Eagle's right to a decision without further proceedings on her claim, on the record as it now stands, under this Court's decision in Adams, and Section 7261, which requires the Veterans Court to consider all relevant questions of law when they're presented. And I guess I will ask the same as I did before. Wouldn't that be true of every single case that we get before, every single time the CAVC decides to remand a case to the Board? Wouldn't, under your rule, if we adopted it for this case, mean that all of those decisions are appealable here, even though they're not final? Every single remand, right? Because you could make the same argument. In order to remand it, they made some legal, in your view, a legal decision to remand rather than reverse. Your Honor, this is not the case where the Board and the Veterans Court had multiple opinions on causation that they had to weigh and evaluate and then find one more probative than the other. Nor was there an instance here where the Veterans Court found that the Board didn't consider one piece of evidence or more than one piece of evidence in the record and evaluating the first instance. You're just saying in response to Judge Prost's question, I think, Sariah, that this is a particularly, in your view, particularly strong case for a judgment in your client's favor on the record in this case. Absolutely, Your Honor. Let me ask you that. Assume for the moment that we were to... What you want us to do is not dismiss because it's a Williams situation, but rather take the case, right? That's correct, Your Honor. What would you want us to do if we took this case? What would you want us to say? We would like you to remand this case to the Veterans Court and instruct them to reverse the Board's decision on the service connection element of Ms. Evo's claim, which is the only element in dispute. And what would be our rationale for doing that? That there is no equipoise to weigh on remand. The only evidence in the record that has already been considered in the first instance by the Board and found competent of causation is the 2008 VA opinion on direct nexus in Ms. Evo's favor. Okay, now, I think that's correct. That's the analysis that one would have to undertake. However, doesn't that run us into the bar in our jurisdictional statute against application of law to fact? We're squarely looking in the analysis you just described, which I think is the correct analysis. We're squarely looking at the strength of the evidence here and coming to a conclusion as to what that evidence means in terms of Ms. Evo winning or losing. So, aren't we then running into the problem that you had that was referred to in the Cook case? No, Your Honor. Here, the Veterans Court addressed whether this evidence was competent of causation. In its decision, it states that the Board erred because it improperly weighed the 2008 opinion on direct nexus against the National Academy of Sciences studies that relate to presumptive causation. So, the Veterans Court has evaluated whether that evidence is competent of causation, as well as the Board, in the first instance, evaluated that evidence. So, there's no reason that this Court has to look at the facts here in this case. Those facts have been decided below. Well, the evidence is competent. It's not a question of competence. I mean, the evidence is competent, meaning it's evidence that can properly be considered. But I thought, based on what you said earlier, that you would want us to say it has to go back for a judgment in Ms. Evo's favor or a ruling in Ms. Evo's favor. That's correct, Your Honor. And I don't see how we could do that without looking at the evidence and making a determination as to what it means. We're not just saying, if we say that it's competent evidence, we're saying it's competent evidence and, in the facts of this case, it compels a particular result. That's where I think we'd bump into our jurisdictional... I understand your question, Your Honor. And the Board considered the VA opinion and found that it was going to be competent on the issue of causation. It found something else more probative. But once the Veterans Court said that you can't make that comparison, the only thing probative of causation is the VA opinion in Ms. Evo's favor. And the Veterans Court and the Board have looked at that and decided that that is the way the evidence of record will fall. Let me ask you one other question. One of the requirements, another requirement, I think, of the Williams, one of the prongs is that a remand would move the case. And I think you make the argument in your brief that, well, she's prejudiced the case to be moved because if it goes back, new evidence will be introduced. Now, as I read the order of the Court of Veterans Claims, the Court is saying go back and consider it based on the evidence of record. Now, if that's the case, you don't have that argument, do you? If it just goes back to be considered on the evidence that presently is on the record, doesn't your prejudice argument go away? No, Your Honor, because her right is to a decision based on this record without a remand. No, but you talk in your brief at some length, I think, about, you know, she's going to have to confront new evidence that will come in on this. Yes, Your Honor. Now, if that is not the case, doesn't at least that element of prejudice go away? Say this court were to say any remand is based on, we read the CADC order as compelling a remand on the evidence of record, no more evidence. Your Honor. Wouldn't that alleviate any prejudice? At least that part of it. Yes, Your Honor. First of all, I disagree that that's the way the reading of the Veterans Court's remand order should be read, but on that point, there is nothing for the Board to consider to weigh in equipoise. There is only one opinion that the Veterans Court said the Board could consider on remand, and that is the opinion in Ms. Ebel's favor, and that's why she's entitled to a decision now rather than have to go through the remand for the Board to conclude that there is nothing to weigh against the 2008 opinion on direct nexus. How is this – can I ask one quick question? I know I'm in your rebuttal time. That's all right. How would you distinguish this from the facts in Williams, where we said that we needed a remand isn't – the decision to remand isn't a clear and final legal decision? Your Honor, here, there is a clear and final decision. In Williams, the element there that was – give me one second. There were a couple of points in Williams that I think helped this Court decide that remand was appropriate. There was an intervening change in law. That's not the issue here at all. And also, this Court found none of the conditions that it set forth in Williams were satisfied for deciding whether to review a non-final order. And arguably here, all of those conditions are satisfied. The remand order here, just like in Adams, satisfies this Court's finality decisions. Okay. We'll save the remand order for another time. I'll hear from Mr. Hockey. May I please record? I think that it's all hit on what I was going to say, which is I think that when I listen and try to understand the basis for the argument that Ms. Ebel has been harmed here, I think there's confusion between a finding pursuant to 38 CFR 4.2 with respect to whether a document is sufficient for purposes of evaluation, which was the case with respect to this medical opinion found in that manner by both the Board and the Veterans Court, and actually a finding of service connection, which has not occurred in this case. So simply because the Board and Veterans Court found that the medical opinion was competent doesn't mean that service connection should therefore follow. Simply that that evidence is relevant and material and should be considered. And does it need to be sent back under 38 CFR 4.2 for a new opinion? Because it's in the determination that the medical report is such that it creates an equipoise. Isn't that a legal determination with respect to the statute? No. Typically, equipoise is always based upon the weighing of the evidence. So, I mean, if you had a finding, a legal, I mean, pose a hypothetical where they may be, the question of equipoise might be or might suggest a legal question, which would be there's a finding in the record by the Board of a balance of the evidence, both positive and negative, but for some unexplainable reason they find against the claimant. Under the law, that of course violates the rule of equipoise, and someone might then be able to suggest that they misinterpreted the rule of equipoise. But the question of whether or not something is an equipoise always is going to involve weighing of the evidence. In your response, though, I guess I'm a little confused. If the opinion is the only thing you have in the record other than the official studies, so you say they found it competent, but if something is competent and there's nothing on the other side, can't we make the leap that it's also competent and its result with respect to service connection is acceptable? It's the only thing there. Well, if that was the case, but I don't believe that that's the case here. I think what you have here is, as Dr. Skor correctly noted, a competent medical opinion consisting of positive evidence and support. Rather than conduct the review of the record that should have been conducted under a direct service connection claim to determine whether, for example, the duration of time between his service and the onset of his disease and his post-service history and things like that, which this Court has found and the Justice Court has found many times, can be negative evidence, even though it's not something that's sort of been created for purposes of evidence. But the only medical report says no. I mean, the medical examiner here looked at all of the records. Actually, let me just stop one moment because I was waiting for you to also answer Judge Shaw's question to the other side about whether or not anybody will be able to put on new evidence when he gets remanded here. I don't know the answer. I mean, I don't read, Judge Shaw, with all due respect, I don't read the decision below as prohibiting the Secretary from obtaining new evidence. I do read the instructions to be, in the first instance, determine whether or not service connection is appropriate based upon this record. But remember, and this is where I'm going to wave a flag a little bit, the Veterans Administration is in the business of granting service connection, granting benefits. So often we come up here and we hear that, well, if you have to remand this case, the Secretary is going to find a reason not to remand it. That's not the mission of the VA. So in the situation in which this case gets remanded and the VA finds that medical evidence, for whatever reason, is insufficient, the next step is to try to find evidence that would help the Veteran. But, you know, when we get to this point in the process, it's always… But if they did, it would only allow new evidence that would help the Veteran. They would, under the duty to assist, they would try to help the Veteran. Now, I can't say what that evidence would result in. But I can say, to answer Judge Shaw's question, I'm not sure that the… And the reason I say this is I've seen remands before where there were more… I came to that conclusion just based on the posture of the case before the Veterans Court. I mean, the Court said, you know, you didn't consider this properly in relation to this. That kind of conveyed to me a further consideration on the existing record. Well, let me ask you, on the record now, we have the examiner's report. We have these studies. We also know there's evidence of exposure to sun in Vietnam. Is there any other, on the present record, either for or against this claim, what else is in the present record? I really can't answer that question, and I'm not sure I would really want to, because I do believe that that's wholly outside the jurisdiction of the Court as to whether or not other evidence of the record would support one side or the other. Well, I'm only saying it, I'm only raising it in connection with this issue of Mr. Riley saying there's prejudice, that new evidence might come in. And I'm just trying to get a sense of, you know, is this a pretty complete record now, or would there be a reason someone would want to bring in new evidence? I'm looking at it from that standpoint. I mean, I like to see that there's one medical opinion in the record. So I don't know what else is in the record that would cause someone to question that opinion. Certainly they've made the determination that it's competent evidence. Getting back to the question, though, about what is it? On that question, I think you're getting back to the original. If we have only one medical opinion, and it's found to be competent, then what else is there to weigh on the other side? This medical opinion is the only one that exists. It's examined his records. They can't just on their own reevaluate those records. I think that's an absolutely perfectly fair question, and I think that's the question the Veterans Court was asking itself. And they do have the authority to ask that question of the Board. The problem with this case was that that analysis was never conducted. The basis for the remand was simply that the Veterans Court determined that the Board was comparing, if you will, apples and oranges. The apples being the fact of a medical opinion, and the orange being the law of presumptive service connection. So what is your view about why they didn't think they were in a position, therefore, to save us all years and time and this litigation, to just go ahead and reverse? Because there hasn't been a finding of service connection. Nobody's conducted the analysis in a direct service connection environment as to whether or not the evidence in this record supports a finding of direct service connection. So you're saying they don't have the authority under their mandate? Yes, I do not. I believe that, pursuant to this Court's decision in Ensley, the Veterans Court cannot make factual findings in the first instance, and that's what would have been required here, because nobody has ever conducted the direct service connection evaluation. That's what was happening. The Veterans Court looked at the record before it and reads along and says, well, we have a competent record here. And, whoa, you're rejecting this evidence because the Secretary failed to find that skin cancer can result from herbicide exposure as part of his presumptive regulations under the Agent Orange Act. Well, that's not a direct service connection analysis. You're using this evidence related to the presumptive service connection, but presumptive service connection is not at issue in this case. Everyone agrees under the Agent Orange regulations Ms. Eagle's husband does not qualify for presumptive service connection. You have to go along and do the next step. And this is an isolated case. The Board, they're humans, infallible, and so sometimes they get carried away with, well, look, clearly the Secretary here hasn't included skin cancer as a presumptive. Well, if he had, we would never need to do the direct service connection analysis. And in this case, what the Veterans Court is saying is you stopped too soon. You basically answered your direct service connection question with a presumptive service connection response. Well, that's insufficient. And under 7104, I cannot review the record to determine whether or not direct service connection is appropriate. So, if I could, oh, I'm sorry, go ahead. How does this differ from Adams? Well, in a sense, it doesn't because in Adams, eventually, I mean, the only difference between Adams and Stevens and other cases is Well, in Adams, we said that it was a clear and legal final decision, right? Well, in Adams, as you indicated, in Adams, there's two parts of Adams that apply here. The first part, which goes to the Court's jurisdiction under Williams, or I think it may proceed to Williams, but it goes to the issue of jurisdiction under Williams. And that's where Adams and Stevens could be relevant in the sense that this Court determined in those cases that the first prong was satisfied and the second and third prongs were also satisfied, mainly the third prong about something getting lost on remand. Well, we're only talking about the first prong here. Right. They found that the first prong was satisfied, and you're asking us to say that the first prong was not satisfied. Well, we think none of the prongs were satisfied. If you look at pages 10 and 11 and 16 of our briefs, we explain that none of the prongs were satisfied. Let's stick with the first prong. Is this distinguishable on the first prong? It's an interesting question. I think the answer ultimately is this, that this Court could say in Adams, as it did, that the question of whether somebody is entitled to an immediate remand could be stated as a question of law. But as you indicated, Your Honor, after that decision, you can't rely upon that ability because it could come up in every case, although I think the exception would be satisfied typically with requests from the Secretary to appeal because the Secretary can't appeal a Board decision. So typically when a legal issue is decided by the Veterans Court against the Secretary's interest and remanded to the Board, the Secretary can only challenge it then because there's always the risk that a Board award of benefits under the legal interpretation would preclude the Secretary from ever raising it again. That's typically not the case. In fact, before the argument, I was trying to think of hypotheticals in which maybe a claimant could satisfy because, as this Court said in Joyce, if the Veterans Court improperly reaches a legal issue and then remands the case, and eventually that improper legal issue results in the deprivation of benefits at the Board level, the claimant always can come back to the Veterans Court. The Veterans Court will say, law of the case, we affirm, and then this Court can look at both that decision and the earlier decision. So I don't see a lot of options out there for Williams to be satisfied by claimants. In Adamson and Stevens, what this Court said, though, was in presumptive service connection cases where the issue, which I think was the same in Adams and Stevens, was whether or not the Secretary satisfied its clear and convincing evidence burden to rebut a presumption. In other words, a record established that the presumption kicked in. Usually in these cases it was a presumption of sound condition upon entering the service. Let me ask you this in further response to Judge Crow's question. You get what she was asking this way. You put yourself in the position of the Board in this case. You receive the remand order from the Veterans Court. You're sitting there with your other Board members, and you turn to them and you say, okay, here's what we now have to do in this case. Here are the steps we have to undertake. What would you say? I'd have to look at the record and see whether the record supports final service connection. Okay. That's what I would do in the first instance. If that had not been done, what seems to have been done, what 7401 or 7104 remand order? How would you answer the question of balancing, you know, the Veterans Court said the error here was weighing the medical opinion against the statistical studies, the apples and oranges kind of situation. How would you get around that? How would you say, all right, we can't do what we did before. We have to do something different. Here's what we now have to do. I think typically the type of evidence that the Board would probably be looking for is that evidence which would be more personal to this claimant. In other words, that evidence in the record that would demonstrate that Mr. Eble definitely was exposed to the sun or I guess there's a presumption of exposure to herbicides. But in those cases that I'm familiar with in which the Board is conducting a direct service connection analysis in a situation in which the presumptive prong hasn't been met, doesn't meet it, the kind of analysis is that kind of analysis which personalizes the evaluation. Okay, I get you. Let me ask you this because time is sort of running out. Let me ask you this. As a jurisdiction, not as a jurisdiction, but as an approach matter, could this court say, we will assume the prong one is met, prong one of Williams, but we still dismiss, we're not going to review it because prong three isn't met? I mean, I don't know what the legal issue is other than the Veterans Courts following its statutory requirement. Well, I mean, there are three prongs of Williams and each of them has to be met for us to review it. I mean, could we say, we'll assume arguendo prong one is met, but even if it is met, clearly prong two isn't met, so we don't review. I mean, clearly, yes, under Williams, all three prongs have to be met. So if the court found one or two of the prongs satisfied and the third not satisfied, that's a basis to determine that the court... One final question. You said this is jurisdictional. Now, cases up to Williams did speak in terms of jurisdiction. Williams seems to go off and say, maybe this is an academic question, I don't know what difference it makes. Williams, however, goes off and says, no, it's not jurisdictional, this is a prudential question. I don't know what's different in this particular case, but do you have a view on that? That's my last question. Well, I think that's predi... The Williams statement is predicated on the fact that there's sort of an absence of a final judgment statement in the jurisdictional... That's right. Unlike in the district court situation where they actually have more of a bright line about that. So do you think it's prudential or jurisdictional? That's my question.  it has in similar questions with respect to jurisdiction, unfortunately, as prudential, because maybe there wasn't that link that you could grab onto, although in an Article III court... We do seem to have said prudential in cases following Williams. Right. Thank you. Mr. Riley, we'll add on a little more time, another minute, because we've ran over on the circulation. I first want to address Judge Schall's question about the remand order here. And if you read the remand order, it states that the board on re-adjudication must consider this 2008 opinion on direct nexus and any other evidence. It doesn't say any other evidence of record. It says any other evidence. And you read that as saying the board has the ability to get another VA opinion on this issue or to have other evidence submitted by the secretary. What about what Mr. Hockey was saying? He, in fact, disagreed with the way I looked at the order. He said it isn't limited to the record. I think he took that position. But then he went on to say that, pursuant to the duty to assist, there'd be a search to determine if there was anything that supported the veteran's position here. Now, how is that prejudicial? It's prejudicial, Your Honor, in that her right to a decision now is being denied. She's already satisfied in the present record all the elements of her claim for establishing DIC under Section 1310. Why does she need to go back on remand and have other evidence? Well, Mr. Hockey would say, as he told us, that there's been no finding with respect to service connections. So how can we say that she satisfied everything and we're satisfied? We can't make that fact finding in the first instance if there's been no finding. Your Honor, the Board considered the opinion in the first instance, it's a mischievous statement, and found it competent and stated that it must be considered. It did consider it. And then in the Veterans Court's decision, when it found the Board improperly weighed the direct nexus opinion against the National Academy of Sciences opinion, it states... Where are you referring to? I'm referring to page 6 of the appendix, which is page 5 of the Veterans Court's decision. It states in about the middle of the page, the Board improperly weighed the VA opinion providing a direct nexus against the National Academy of Sciences studies. It was criticizing the weighing. It wasn't saying you should have come to a different... You should have come to a particular result. It was sending it back to, in the Court's view, I think, properly weigh the evidence. In fact, that's what they say in the last sentence of the paragraph. Precisely that. Because the Board improperly weighed the VA opinion against the NAAF studies, we find it inadequate. So I'm not sure... I read it differently, Your Honor. However, I would say that on remand, there's only the apple, the one apple left in the record to evaluate. There's no other evidence to weigh for an equipoised decision. And here, the Veterans Court should have reversed. Under Section 7261, Section B, the Veterans Court is entitled to take into account the equipoised statute. And here, it should have found that there was no other evidence to weigh in the record against the 2008 VA opinion in Ms. Evel's favor. The other point I want to make here is that the Secretary argued about the Board would want to see... or the Veterans Court would want to see more personalization of the evaluation here. And the Veterans Court already addressed that and found that the VA opinion did address this particular Veteran. At the bottom of page 5 of the appendix, it talks about how the Veterans Court reviewed the claims file, discussed this Veteran's medical history, and explained that melanomas are caused by exposure to toxins. So the Veterans Court... I'm sorry, where are you reading? Sure, Your Honor. It's the last sentence here on page 5 of the appendix in the Veterans Court's decision. Okay. Addressing that point, the VA examiner here did evaluate, in the first instance, this particular Veteran's medical history. Not only did he look at the claims file, he reviewed civilian medical records as well as the military medical records. He reviewed lots of different studies and came to the conclusion that this Veteran's melanoma was caused by exposure to toxins and excessive sunlight while on service in Vietnam. Was there any evidence that was not reviewed? Is there anything remaining that would be reviewed on remand that hadn't been reviewed before? No, Your Honor. Not in the present records. But you would agree that it's been reviewed, but it hasn't been analyzed, and you would agree on remand. You're going to argue you have to reanalyze it as the Veterans Court has instructed the Board to do.  and has said that here's the evidence I need to weigh. I've got an opinion on direct causation in the claimant's favor, and I have the Secretary's conclusion on presumptive causation, and I'm going to weigh those. And the Board did weigh those. It simply found the Secretary's conclusion more probative and denied Ms. Evo's claim. But once the Veterans Court said that that comparison was improper, the only thing left in the record that the Board has already considered is the opinion in Ms. Evo's favor. For that reason, the Veterans Court should have reversed. Thank you. Thank you.